**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2765-23

SVATOPLUK VACLAVIK,
as the administrator
of the ESTATE OF RUTH
VACLAVIK,

     Plaintiff-Appellant,

v.

HACKENSACK MERIDIAN
HEALTH AT PASCACK
VALLEY a/k/a HACKENSACK
UMC d/b/a THE WOMEN'S
HEALTH CENTER; and
PASCACK VALLEY
MEDICAL CENTER,

     Defendants-Respondents.

_____

        Submitted May 12, 2025 – Decided May 23, 2025

        Before Judges Sabatino and Berdote Byrne.

        On appeal from the Superior Court of New Jersey, Law
        Division, Bergen County, Docket No. L-3415-21.

        Malamut and Associates, attorneys for appellant (Brian
        E. Turner, of counsel and on the brief).

Schenck Price Smith & King, LLP, attorneys for respondents (William J. Buckley, of counsel; Benjamin A. Hooper, on the brief).

PER CURIAM

In this personal injury case, plaintiff, the estate of Ruth Vaclavik,[1] appeals the trial court's February 13, 2024 order granting summary judgment to defendant, the operator of Pascack Valley Hospital d/b/a Hackensack Meridian Health Pascack Valley Medical Center.[2] Plaintiff also appeals the court's April 3, 2024 order denying her motion for reconsideration. We affirm those decisions, substantially for the sound reasons expressed in the opinions of Judge Gregg A. Padovano. There is no legal basis to impose liability on defendant, even viewing the factual record in a light most favorable to plaintiff.

I.

We glean the following pertinent details from the record.

On the morning of June 7, 2019, plaintiff and her husband Svatopluk

---

[1] Unrelated to this matter, Ruth Vaclavik passed away. Her husband, Svatopluk Vaclavik, is the named plaintiff in this case as the executor of her estate. For the purpose of clarity, we shall refer to the injured person, Ruth Vaclavik, solely as "plaintiff" and Svatopluk Vaclavik as "the husband."

[2] In defendant's brief, defendant is identified as "Pascack Valley Hospital d/b/a Hackensack Meridian Health Pascack Valley Medical Center."

Vaclavik entered defendant's facility so plaintiff could attend a medical appointment. At that time, plaintiff was seventy-five years old, used a walker, and suffered from vertigo, balance issues, and foot drop. The husband entered the front entrance of the health facility ahead of plaintiff, without paying particular attention to the floor. The entryway of defendant's facility consisted of tiled flooring with a runner rug. The rug had a rubberized non-slip bottom and was placed in front of the doorway.

As the husband went to press the elevator button, he heard a noise and turned around to find plaintiff in the midst of falling. She ultimately landed on the floor and sustained various injuries. There were no eyewitnesses to the fall.

The husband described that after plaintiff fell, and was face-down on the floor, he saw that the corner of the carpet runner was overturned. The husband later took a photograph of the scene, which depicts plaintiff lying on the ground with the corner of the entryway rug folded under her right foot. When asked as to what caused his late wife to fall, the husband explained that "[b]ecause the carpet was rolled up underneath her partially . . . it's obvious that her foot got stuck under the carpet."

Plaintiff was transported to the Emergency Department at Pascack Valley Medical Center. Contrary to the husband's depiction of the incident, the medical

note by plaintiff's emergency provider on the date of the fall explains that plaintiff reported "she was walking into a nearby outpatient building . . . she uses a walker as she has balance problems . . . and it became stuck against a rubber part of the floor. As a result she fell."

Plaintiff brought this present action against defendant in the Law Division, contending that defendant negligently maintained the premises as to cause a dangerous condition to exist, which was the direct and proximate cause of plaintiff's fall.

During discovery, the husband and a security manager for the health facility were both deposed. The security manager testified that officers routinely patrol around the health facility buildings and occasionally patrol inside the buildings as well. The manager testified that officers are expected to "patrol the most traveled pathways and ensure that they are clear of any hazards." The manager confirmed that the security logs did not indicate that any officers had patrolled the inside of the building that morning before plaintiff fell.

Defendant moved for summary judgment, asserting that plaintiff failed to present triable issues of negligence or any other basis to impose liability for her fall. Plaintiff opposed the motion, stressing the dangerous condition of the floor where she fell.

A-2765-23

After hearing oral argument, the trial court granted defendant's motion in a written opinion issued on February 13, 2024. Judge Padovano ruled that plaintiff had failed to provide evidence of the actual cause of her fall and that the husband's allegation that she tripped on the overturned corner of the rug was mere speculation. Consequently, the court found that plaintiff failed to meet the burden to establish the existence of a dangerous condition that caused the fall, nor had plaintiff provided evidence that defendant had actual or constructive notice of this condition.

Plaintiff moved for reconsideration, alleging genuine issues of material fact concerning the cause of plaintiff's fall and defendant's notice of the rug's condition. The court rejected those contentions in the April 3, 2024 order denying her motion for reconsideration.

Plaintiff contends that the trial court erred in granting summary judgment and that the issues of liability should be presented to a jury. First, plaintiff contends the cause of her fall was not speculative and the photograph taken after the fall proves she tripped on the folded rug corner. Second, plaintiff argues that security officers on duty at the time should have patrolled the inside of the building and remediated the rug.

5

II.

In reviewing these arguments on appeal, we are guided by familiar principles. On a summary judgment motion, a court must view the motion record in a light most favorable to the non-moving party, here plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995); see also R. 4:46-2(c). To survive summary judgment, the opposing party must produce evidence that creates a genuine issue of material fact, and "[c]onclusory and self-serving assertions by one of the parties are insufficient to overcome the motion." Vizzoni v. B.M.D., 459 N.J. Super. 554, 567 (App. Div. 2019). We apply the same legal standards on appeal and review the grant of summary judgment de novo. Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 124-25 (2023). Furthermore, because questions of the presence or absence of a legal duty inherently entail issues of law, we likewise assess those issues de novo. S.V. v. RWJ Barnabas Health, Inc., 481 N.J. Super. 86, 100 (App. Div. 2025).

To prove a claim of negligence, a plaintiff must demonstrate: (1) a duty of care; (2) that the duty has been breached; (3) proximate causation; and (4) injury. Townsend v. Pierre, 221 N.J. 36, 51 (2015). A plaintiff bears the burden of proving negligence; it is never presumed. Khan v. Singh, 200 N.J. 82, 91 (2009); see also Prioleau v. Kentucky Fried Chicken, Inc., 434 N.J. Super. 558,

570 (App. Div. 2014) (explaining that "[p]roof of a fall alone would not be adequate to create an inference of negligence"). An inference of negligence cannot be based upon a foundation of pure conjecture nor speculation, and instead must be supported by competent proof in the record. Buckelew v. Grossbard, 87 N.J. 512, 525 (1981).

The required elements of a negligence claim in the context of a business invitee's slip and fall at a defendant's premises are well established. A plaintiff must prove by a preponderance of the evidence: (1) defendant's actual or constructive notice of a dangerous condition; (2) lack of reasonable care by defendant; (3) proximate causation of plaintiff's injury; and (4) damages. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993).

In applying these ordinary negligence principles, it is obvious that plaintiff has no viable cause of action on this record. For the reasons elaborated at length by the trial court, we agree that plaintiff failed to meet the necessary burden showing that the entryway rug was the actual or proximate cause of plaintiff's fall, that the alleged upturned corner of the rug presented a dangerous condition, and that defendant or any employees had actual or constructive notice of that condition.

A-2765-23

The proofs marshalled by plaintiff are inadequate to provide a foundation supporting a cause of action for negligence. The opinion by the husband proffered here concerning what might have caused plaintiff's fall is mere conjecture and speculation, rather than evidence, and is not sufficiently grounded upon factual support in the record.

The photograph taken after the fall took place, and after plaintiff had been moved, does not establish that the rug corner was overturned before the fall nor that it was the actual or proximate cause of the fall. It is possible plaintiff tripped on the rug. But it also is possible, as plaintiff apparently described to a medical professional after the incident, that her walker became stuck against the tile flooring, causing her to fall. It is also possible that plaintiff fell spontaneously with no external catalyst. The cause of the fall simply remains unknown and unproven based on the minimal record before us that plaintiff developed.

Further, plaintiff did not establish an actionable dangerous condition. She failed to provide any expert evidence to support the claim that the entryway rug was in any way defective, hazardous, or dangerous. There is an insufficient evidential basis here to conclude that defendant acted unreasonably in their maintenance practices or otherwise in not safeguarding patrons from the alleged dangerous condition.

8

Even if we assume, for the sake of discussion, that plaintiff did trip on the overturned corner of the rug, the critical element of actual or constructive notice of a dangerous condition is not substantiated by the record. There is no evidence that a security officer or any other employee saw the overturned rug corner before plaintiff's fall. The testimony of the security manager attesting that there are no security logs of officers inspecting the premises that morning prior to plaintiff's fall is uncontroverted. Nor is there evidence that the corner had been overturned on the floor long enough to have reasonably placed defendant on constructive notice of a hazard. In addition, the husband, who walked over the rug without incident, did not testify that he noticed any upturned corner or hazard on the rug before his wife fell.

In short, summary judgment was justifiably granted. Although plaintiff's injury is unfortunate, there are no genuine issues of material fact that reasonably could support defendant's liability. The motion for reconsideration was properly denied by the trial court, as there is no evidence the court's decision was based upon a palpably incorrect or irrational basis and reconsideration in this matter is not in the interest of justice due to the lack of evidence supporting plaintiff's contentions.

9

Any further arguments plaintiff advances in her brief to set the court's ruling aside lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2765-23